IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROSIE K. BLAKEMORE )
)
v. ) NO. 3-11-1128
) JUDGE CAMPBELL
CORIZON, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 17). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's action is DISMISSED.

FACTS

Plaintiff Blakemore, an African-American female, has sued her former employer, Corizon, Inc. for racial discrimination and retaliation in violation of Title VII (28 U.S.C. §§ 2000e, *et seq.*) and 28 U.S.C. § 1981 ("Section 1981"). Defendant contracts with the State of Tennessee to provide healthcare services to inmates in Tennessee prisons, including the Tennessee Prison for Women. Plaintiff is a nurse practitioner who was employed by Defendant.[1]

Plaintiff alleges that, during her employment with Defendant, she was the subject of verbal abuse and insults by her administrative supervisor, Ms. Petry, who is a health services administrator and is white. In addition, Plaintiff claims that Ms. Petry would require Plaintiff to perform duties other than her own which were actually the responsibility of another nurse practitioner, Ms. McCann, who is also white. Plaintiff asserts that she complained about this inequity but was ignored.

---

[1] Plaintiff states that she began working for Tennessee Prison for Women in 1984, working directly for the State of Tennessee and later for contractors, including Defendant, who took over the healthcare provider responsibilities.

Plaintiff avers that her wrongful termination arose from her alleged refusal to treat a particular inmate who was suffering from a bladder infection. Plaintiff argues that she was waiting for treatment instructions from the prison physician. Plaintiff maintains that Ms. Petry was Plaintiff's supervisor administratively, but Dr. Collins, the medical director, was her supervisor medically. Plaintiff asserts that she did not have to follow Ms. Petry's directive concerning the execution of a treatment plan. Plaintiff argues there is a difference between refusing to see a patient and waiting for instructions from the physician. She claims she could not treat the patient without the guidance of Dr. Collins.

Defendant argues that Plaintiff was fired for refusing to assess and treat an inmate patient and failing to follow a directive from her supervisor.[2] Plaintiff alleges that her firing was because of her race and in retaliation for her complaints of disparate treatment. Defendant has moved for summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

---

[2] Plaintiff admits that she directed the inmate to the sick call waiting area, where the patient waited approximately six hours without being assessed or treated. Docket No. 23, ¶¶ 15-19.

2

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## RACIAL DISCRIMINATION

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's race. 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence of discrimination, Title VII claims are subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973).[3]

Under this framework, Plaintiff must submit evidence from which a reasonable jury could conclude both that she has established a *prima facie* case of discrimination and that Defendant's legitimate, nondiscriminatory reason for its action is pretext for unlawful discrimination. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). To establish a *prima facie* case, Plaintiff must

---

[3] Plaintiff's Section 1981 claim is analyzed in the same fashion as her Title VII claim. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1094 (6th Cir. 1996).

3

show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or similarly situated non-protected employees were treated more favorably. *Id.*

Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the plaintiff to show that the defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*.

Defendant has conceded, for purposes of this Motion, that Plaintiff can establish the first three elements of her *prima facie* case. Defendant argues, however, that she cannot show that a similarly-situated person outside the protected class was treated more favorably.

To be similarly situated, the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)). The Sixth Circuit has also held that the *Mitchell* factors should not be rigidly applied. *Jackson*, 518 F.3d at 394. The appropriate test is to look at those factors relevant to the factual context, as opposed to a requirement that a plaintiff demonstrate similarity in all respects. *Id*.

4

Plaintiff compares herself to the other nurse practitioner, Ms. McCann, whom Plaintiff believes was treated differently under similar circumstances.[4] Plaintiff asserts that Ms. McCann was often tardy, had work performance issues, refused an order of the Director of Nursing,[5] and was the subject of inmate complaints; yet, Ms. McCann was neither disciplined nor fired. Plaintiff argues that she and Ms. McCann were both supervised by Dr. Collins and both had the same general duties as far as caring for patients. Plaintiff claims that both she and Ms. McCann were required to assess inmate patients and implement medical care under supervision from the physician. Plaintiff asserts that both she and Ms. McCann could delegate and supervise other team members as appropriate. She maintains that she and Ms. McCann were similarly situated in all relevant respects.

Defendant argues that Plaintiff cannot show that Ms. McCann engaged in the same misconduct as Plaintiff without being disciplined. For example, Defendant points out that, although Ms. McCann was allegedly tardy and had work performance issues, Plaintiff was not fired for those transgressions. Moreover, Ms. McCann did not refuse to assess and treat an inmate after being directed to do so, so she could not have been treated more favorably for the same misconduct.

The Court finds that Plaintiff and Ms. McCann were not similarly situated with regard to the alleged misconduct and resulting discipline. Therefore, Plaintiff has not established her *prima facie* case of racial discrimination.

---

[4] Plaintiff alleges that she was always directed to "clean up behind" Ms. McCann and that Ms. Petry was constantly adding more of Ms. McCann's duties to Plaintiff. Plaintiff contends that Ms. McCann received special treatment despite her tardiness and her lack of work.

[5] As Defendant points out, the Director of Nursing was not Ms. McCann's supervisor. Moreover, there is no evidence that this refusal was ever brought to the attention of those who made the hiring and firing decisions.

Alternatively, even if Plaintiff could establish the *prima facie* case, the Court finds that Defendant has asserted a legitimate, non-discriminatory reason for firing Plaintiff - that she refused to treat an inmate and refused to obey a directive of her supervisor. Plaintiff alleges that Defendant's reason is pretextual because she did not refuse to assess or treat the inmate; she was merely waiting for instructions from Dr. Collins.

A plaintiff may establish pretext by showing that the employer's proffered reasons (1) have no basis in fact, (2) did not actually motivate the action; or (3) were insufficient to warrant the action. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012).

Plaintiff's attack on Defendant's proffered reason is essentially an attack on the credibility of the decision. Where the employer can demonstrate an honest belief in its proffered reason, the inference of pretext is not warranted. *Seeger*, 681 F.3d at 285. The employer's proffered reason is considered honestly held where the employer can establish it reasonably relied on particularized facts that were before it at the time the decision was made. *Id*. An employee's bare assertion that the employer's proffered reason has no basis in fact is insufficient to call an employer's honest belief into question and fails to create a genuine issue of material fact. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the discharge was based. *Id*.

Plaintiff does not dispute the accuracy of Defendant's factual basis for the decision - that she did not assess or treat the inmate patient, despite Ms. Petry's directive to do so. Plaintiff argues that her actions were justified because she was waiting for Dr. Collins, simply disagreeing with Defendant's business judgment. Plaintiff believes that her conduct did not merit the firing. As long as the employer held an honest belief in its proffered reason, however, the employee cannot establish

6

pretext even if the employer's reason is ultimately found to be mistaken, foolish, trivial or baseless. *Seeger*, 681 F.3d at 285-86.

Defendant's decision was made after Dr. Collins and Ms. Petry expressed their concerns to the Regional Manager, Mr. Phillips. Mr. Phillips gathered information in the form of statements from all involved, including Plaintiff. After reviewing this information, Mr. Phillips recommended that Plaintiff be fired and sent that recommendation to the Assistant Director of Human Resources, who concurred in the recommendation. Defendant's decision to terminate Plaintiff's employment involved a reasoned decision, even if Plaintiff disagrees with it.

For these reasons, Defendant's Motion for Summary Judgment as to Plaintiff's racial discrimination claim under Title VII and Section 1981 is granted, and that claim is dismissed.

## RETALIATION

To establish a claim for retaliation under Title VII and Section 1981, Plaintiff must establish: (1) she engaged in protected conduct, (2) the exercise of her civil rights was known to Defendant, (3) Defendant thereafter took an employment action adverse to her or she was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001).

If Plaintiff establishes her *prima facie* case, then (as with race discrimination), the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for taking the challenged employment action. *Russell v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008). If Defendant

7

satisfies this burden, Plaintiff must then show that the proffered reason was actually a pretext for retaliation. *Id*.

It is undisputed that Plaintiff complained about the alleged disparate treatment she received in relation to Ms. McCann. It is also undisputed that Plaintiff complained about Ms. Petry and her co-workers. Moreover, Plaintiff's October 7, 2010, written statement includes a number of complaints about her co-workers. None of these complaints, however, indicates Plaintiff's belief that her "mistreatment" was because of her race.

Although the bulk of Plaintiff's complaints dealt with issues unconnected to race, Plaintiff testified that she told Dr. Collins, on October 7, 2010, before her termination, that she was going to pursue her "racial complaint." This assertion creates a genuine issue of material fact as to whether Plaintiff was engaged in protected activity and whether her supervisor was aware of that activity. As to the third element, it is undisputed that Plaintiff suffered an adverse employment action because she was fired.

With regard to the causal connection, the Court finds that Plaintiff has not carried her burden of showing that Defendant made its termination decision on grounds other than those offered by the Defendant. *See Russell*, 537 F.3d at 609-10. Plaintiff has not shown that Mr. Phillips, who recommended her termination, was aware of her comment to Dr. Collins. Simply suffering an adverse employment action after engaging in protected activity alone is insufficient to support a *prima facie* retaliation claim.

Alternatively, even if Plaintiff could establish her *prima facie* retaliation claim, Defendant has articulated a legitimate, non-discriminatory reason for its actions and Plaintiff has not shown that reason to be pretextual, even though she disagrees with it.

8

Under the Sixth Circuit's "modified honest belief" doctrine, an employer may avoid a finding of pretext if the employer establishes reasonable reliance on the particularized facts that were before it at the time the decision was made. *Russell*, 537 F.3d at 605. Here, Defendant had sufficient information before it, through the investigation by the Regional Manager, to reasonably rely upon facts indicating that Plaintiff chose to disregard a directive from Ms. Petry and refused to treat an inmate for more than six hours.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is also granted, and that claim is dismissed.

## CONCLUSION

As set forth above, Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE